Melanie Sloan
D.C. Bar No. 454584
Anne L. Weismann
D.C. Bar No. 298190
Citizens for Responsibility
and Ethics in Washington
11 Dupont Circle, N.W.
2nd Floor
Washington, D.C.  20036
202-588-5565

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY AND         :
ETHICS IN WASHINGTON                    :
11 Dupont Circle, N.W.                  :
Washington, D.C.  20036                 :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  : Civil Action No. 1:05CV01127(CKK)
                                        :
U.S. DEPARTMENT OF HEALTH AND           :
HUMAN SERVICES                          :
Independence Avenue, S.W.               :
Washington, D.C.  20201                 :
                                        :
        Defendant.                      :
_____:

**AMENDED COMPLAINT FOR**
**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, as well as agency FOIA regulations, challenging the failure of the U.S. Department of Health and Human Services ("HHS") to fulfill the request of Plaintiff for documents relating to HHS's contracts and contacts with public affairs firms.

2. This case seeks declaratory relief that Defendant is in violation of the FOIA for failing to fulfill Plaintiff's request for records, in violation of the FOIA and agency regulations for failing to grant Plaintiff's request for a waiver of fees, and injunctive relief that Defendant immediately and fully comply with Plaintiff's request under the FOIA.

**JURISDICTION AND VENUE**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U.S.C. §552(a)(4)(B).

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethical issues seriously. CREW monitors closely the laws and rules applicable to government agencies.

6. CREW is harmed by HHS's failure to comply with the FOIA, because that failure harms CREW's ability to provide full, accurate, and current information to the public. 5 U.S.C. §552(a)(6)(C).

7. Defendant HHS is an agency within the meaning of 5 U.S.C. §552(f). The HHS is the federal agency with possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. §552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §552(a)(6)(A)(I).

10. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. §552(a)(6)(A)(ii).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of

improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5 U.S.C. §552(a)(4)(F).

14.  The FOIA also requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees.  5 U.S.C. §552(a)(4)(A).  Defendant HHS's fee waiver regulations are found at 45 CFR 5.45.  Both the FOIA and HHS regulations provide that documents should be produced at no charge to the requester or at a reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. §552(a)(4)(A)(iii); 45 CFR 5.45.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

15.  On January 7, 2005, *USA Today* reported that conservative commentator Armstrong Williams had been paid $240,000 by the Department of Education to promote the Bush administration's No Child Left Behind Law.  Greg Toppo, <u>White House paid journalist to promote law; Ethics of No Child Left Behind deal questioned</u>, *USA Today*, January 7, 2005 (attached as Exhibit A).  The contract with Williams was filtered through the Ketchum public affairs firm.  Id.

16.  The contract with Williams was only one of several attempts by the Bush administration to hide the source of government propaganda.  Prior to the revelations concerning Armstrong Williams, the Government Accountability Office ("GAO") found that in two other recent incidents, federal agencies violated the prohibition on publicity and propaganda by hiring

public relations firms to produce covert propaganda.

17.  In May 2004, GAO found that video news releases created by Ketchum in support of the newly enacted Medicare law and distributed by Defendant HHS constituted illegal covert propaganda, because the releases failed to reveal the source of the information.  U.S. Government Accountability Office, <u>Department of Health and Human Services, Centers for Medicare and Medicaid Services - Video News Releases</u>, GAO/B-302710 (May 19, 2004).

18.  GAO subsequently found that public relations firm Fleishman Hillard had created video news releases which were distributed by the Office of National Drug Control Policy ("ONDCP").  U.S. Government Accountability Office, <u>Office of National Drug Control Policy - Video New Release</u>, GAO/B-303495 (Jan. 4, 2005).

19.  More recently, GAO denied a request by Representatives Tom Davis and Mark Souder that GAO reconsider its Opinion concerning the ONDCP, and specifically its conclusion that ONDCP's use of appropriated funds to produce and distribute prepackaged news stories that were part of video news releases violated the ban on the use of appropriated funds for publicity or propaganda purposes.  U.S. Government Accountability Office,<u> Reconsideration of B-303495 Office of National Drug Control Policy</u>, GAO/B-303495.2 (Feb. 15, 2005).

20.  On February 17, 2005, GAO issued an opinion reminding all heads of departments, agencies, and others concerned, of the constraints imposed by the publicity or propaganda prohibition on the use of prepackaged news stories and advising vigilance "to assure that agencies' activities comply with the prohibition."  U.S. Government Accountability Office, <u>Prepackaged News Stories</u>, GAO/B-304272 (Feb. 17, 2005).

21.  The Bush administration has rejected the conclusions of these GAO opinions, taking

the position that this kind of covert propaganda is legal. Christopher Lee, Administration Rejects Ruling on PR Videos, *The Washington Post*, March 15, 2005 (attached as Exhibit B). Comptroller General David M. Walker continues to believe that the Bush administration's position is contrary to appropriations law and is unethical. As he explained in an interview, "This is more than a legal issue. It's also an ethical issue and involves important good government principles, namely the need for openness in connection with government activities, and expenditures . . . We should not just be seeking to do what's arguably right. We should be doing what's right." Id.

22. After the Armstrong Williams contract became public, it was discovered that syndicated columnist Maggie Gallagher, who frequently wrote pieces supporting the Bush administration's $300 million initiative encouraging marriage, had received a $21,500 contract with the Defendant HHS. Howard Kurtz, Writer Backing Bush Plan Had Gotten Federal Contract, *The Washington Post*, January 26, 2005 (attached as Exhibit C).

23. Only three days after that revelation, the Defendant HHS disclosed that a third columnist had been paid to assist in promoting Bush administration policy. Conservative columnist Mike McManus received $10,000 to support the President's marriage initiatives. Siobhan McDonough, Another Columnist Was Paid to Help Bush Administration Agency, *San Francisco Chronicle,* January 29, 2005 (attached as Exhibit D).

24. Because of the questions raised about the use of taxpayer dollars to fund public relations campaigns, the minority staff of the House Committee on Government Reform prepared a report on the Bush administration's public relations spending. According to the report, in the four-year period from 2001 through 2004, the federal government spent over $250

million on 286 contracts with major public relations agencies. U.S. House of Representatives Committee on Government Reform – Minority Staff, Special Investigations Division, Federal Public Relations Spending, p. 4 (Jan. 2005 (attached as Exhibit E). The majority of this spending went to four large firms: Ketchum Communications received $97 million in contracts, The Matthews Media Group received $51.6 million in contracts, Fleishman Hillard received $41.1 million, and Porter Novelli received $33 million in contracts. Id. at 6.

### Plaintiff's FOIA Request and Follow-Up

25. By letter dated January 11, 2005, pursuant to the Freedom of Information Act, Plaintiff requested that HHS produce records of any contacts between the agency and any external public affairs firms, including, but not limited to Ketchum and Fleishman Hillard (attached as Exhibit F). Plaintiff also requested records of any contracts that HHS may have entered into with any public affairs firms, as well as records of contacts between any HHS employee and the employees of any public affairs firm with which HHS had a contractual relationship. Id.

26. To date, Plaintiff has received no response to its request. In a telephone conversation of June 2, 2005, an agency official responsible for processing CREW's FOIA request advised CREW's counsel that he could give no estimate of when HHS would complete its processing of the FOIA request, but that some kind of response was at least weeks away.

27. Under the FOIA, HHS was required to make a determination with respect to Plaintiff's FOIA request within 20 days (excluding Saturdays, Sundays and legal holidays) after receipt of the request. According to Plaintiff's calculations, the 20th day fell on February 11, 2005.

28. The statutory time limit for HHS to respond to Plaintiff's request has run out and Plaintiff has constructively exhausted administrative remedies. 5 U.S.C. §552(a)(6)(C); *see also* Judicial Watch v. Rossotti, 326 F.3d 1309, 1310, 356 U.S.App.D.C. 54, 55 (D.C. Cir. 2003); Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 62, 287 U.S.App.D.C. 126, 131 (D.C. Cir. 1990).

29. In its FOIA request of January 11, 2005, CREW also requested a waiver of fees associated with processing the request, pursuant to 5 U.S.C. §552(a)(4)(A)(iii), and demonstrated that it met the statutory and regulatory requirements for a waiver. As CREW explained in its FOIA request, the records it is seeking are likely to contribute to the public's understanding of HHS's efforts to shape public opinion. CREW is a non-profit corporation that uses a combination of research, litigation, and advocacy to advance its mission. CREW will analyze the records responsive to its FOIA request and will share its analysis with the public, either through memorandums or reports. In addition, the release of any responsive information is not in CREW's financial interest.

30. By letter dated June 30, 2005, HHS advised CREW that its request for a fee waiver had been denied (Exhibit G). HHS claimed without support that CREW is "unlikely to unearth fresh or new ideas that have not already been explored in various media accounts in 2004 or early 2005." HHS also claimed that CREW has not demonstrated "a regular practice of or mechanism for dissemination of information to the public," notwithstanding the contrary showing CREW made in its initial request for a fee waiver.

31. On July 6, 2005, CREW filed an administrative appeal of HHS's initial determination to deny CREW's request for a fee waiver (Exhibit H). In its appeal, CREW

demonstrated that HHS's initial fee determination was wrong as a matter of fact and law, and requested that HHS reverse its initial determination.

32.  By letter dated July 14, 2005, HHS advised CREW that HHS had made a final decision to uphold the agency's denial of CREW's request for a waiver of fees under the FOIA, based on a determination that CREW had not demonstrated that disclosure of the requested documents is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the Government (Exhibit I).

33.  CREW has now exhausted its administrative remedies with respect to its request for a waiver of fees associated with the processing of CREW's FOIA request.  *See*, *e.g*., Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records)

34.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

35.  Plaintiff properly asked for records within HHS's control.

36.  Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant makes an explicit and justified statutory exemption claim.

37.  Therefore, Defendant violated FOIA"s mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested.  5 U.S.C. §§552(a)(3)(A), 552(a)(4)(B).

## CLAIM TWO
### (Failure to Respond)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs.

39. On January 11, 2005, Plaintiff properly filed a FOIA request with HHS.

40. To date, Plaintiff has not received a response from HHS and HHS has exceeded the 20-working-day statutory time limit for such a response. 5 U.S.C. §552(a)(6)(A)(I).

41. Therefore, HHS has violated the FOIA's mandate to respond to Plaintiff's FOIA request within the statutory time period.

## CLAIM THREE
### (Improper Denial of Fee Waiver)

42. Plaintiff realleges and incorporates by reference all preceding paragraphs.

43. Plaintiff has demonstrated that it is entitled to a waiver of fees associated with processing its FOIA request, because disclosure of responsive records will likely contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the plaintiff.

44. Therefore, Defendant violated FOIA's mandate to grant CREW a fee waiver and Defendant's own regulations when it denied CREW's administrative appeal and upheld Defendant's initial determination that CREW is not entitled to a waiver of fees. 5 U.S.C. §552(a)(4)(A)(iii); 45 CFR 5.45.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that HHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of January 11, 2005;

      (2) Order HHS to respond to Plaintiff's FOIA request;

      (3) Declare that HHS violated the Freedom of Information Act and agency regulations when it determined that Plaintiff is not entitled to a waiver of all fees associated with the processing of its FOIA request and Declare that Plaintiff is entitled to a fee waiver;

      (4) Order HHS to release immediately all records responsive to Plaintiff's FOIA request at no cost to Plaintiff;

      (5) Award Plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

      (6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

\_\_/s/_____
Melanie Sloan
(D.C. Bar No. 434584)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and
 Ethics in Washington
11 Dupont Circle, N.W.
Washington, D.C.  20036
Phone: (202) 588-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: July 20, 2005