**EXHIBIT G**

DEPARTMENT OF HEALTH & HUMAN SERVICES                                    Office of the Secretary

Washington, D.C.  20201

Case No. 2005-0373RE

June 30, 2005

**Melanie Sloan**
**Citizens for Responsibility & Ethics in Washington**
**11 DuPont Circle, N.W., 2nd Floor**
**Washington, D.C. 20036**


Dear Ms. Sloan:

This is in response to your Freedom of Information Act (FOIA) request of January 11, 2005, in which you ask for contracts with public affairs firms, and records of contacts with public relations firms with which a contractual relationship exists. You also ask for a fee waiver.

The Department of Health and Human Services' regulations state that fees may be waived if the disclosure of the information meets both of the following tests: (1) It is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government, and (2) it is not in the commercial interest of the requester.

You assert that information responsive to your request will contribute to a better understanding of relevant governmental procedures by Citizens for Responsibility & Ethics in Washington (CREW) and the general public in a significant way, and that your request is primarily and fundamentally for noncommercial purposes. You state that CREW will analyze the information responsive to the request, and will likely share its analysis with the public, either through memorandums or reports.

We have completed our review of your request for a fee waiver. My review indicates that you have not clearly articulated a basis for how the records you have requested will shed light on the operations and activities of the Government. The great majority of the requested records are of a routine administrative nature, and are unlikely to unearth fresh or new issues that have not already been explored in various media accounts in 2004 or early 2005.

Further, even if significantly new information were located, you have not clearly illustrated a demonstrable track record of your organization's ability to disseminate newsworthy information to the general public. Neither on your website nor in your request letter have we found any evidence of a regular practice of or mechanism for dissemination of information to the public.

We have no basis to believe that your organization would use any responsive information for its commercial benefit. However, your FOIA request does not contain adequate evidence to demonstrate that it fully meets the criteria for granting a fee waiver. Therefore, we are denying your request for a fee waiver.

Your FOIA request has been placed in the "other" fee category. In this category requesters are subject to billing for search and duplication, but not review costs. Also, we will not charge you for the first two hours of search time or for the copying of the first 100 pages of records.

The scope of your request is considerable, as it requests records that are located throughout HHS. We are in the process of estimating FOIA processing costs, as well as the time needed to complete processing your request.

If you would still like for us to search for responsive records, your request would be subject to billable processing charges if they exceed $25, which is the Department's threshold for billing purposes. Since you have not agreed to pay any processing costs, your request has been temporarily suspended, as the search and duplication charges may be substantial.

If you are not satisfied with my action on this request, you may administratively appeal this denial of a fee waiver. Your appeal should be mailed within 30 days from the date of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, 200 Independence Avenue, S.W., Room 645-F, Washington, D.C. 20201. Clearly mark both the envelope and your letter "Freedom of Information Act Appeal".

We will not proceed further with your request until an agreement to pay fees is received from you. We will close our file on the case if your agreement to pay fees, or an appeal, is not mailed within 30 days from the date of this letter.

Sincerely yours,

Rosario Cirrincione
Director
FOI/Privacy Acts Division
Office of Public Affairs

**EXHIBIT H**

# CREW | citizens for responsibility and ethics in washington

July 6, 2005

Deputy Assistant Secretary for Public Affairs (Media)
U.S. Department of Health and Human Services
200 Independence Avenue, S.W.
Room 645-F
Washington, D.C. 20201

**Re: Freedom of Information Act Appeal**

Dear Sir/Madam:

By letter dated June 30, 2005, Rosario Cirrincione, Director, FOI/Privacy Act Division, Office of Public Affairs for the U.S. Department of Health and Human Services ("HHS"), advised Citizens for Responsibility and Ethics in Washington ("CREW") that our request for a fee waiver for our Freedom of Information Act ("FOIA") request of January 11, 2005, was denied and that CREW accordingly fell in the "other" category of fee requester. CREW hereby appeals that initial determination and requests that you reverse it for the reasons set forth below although, as an initial matter, we question the need to pursue an administrative appeal from this denial as we are already properly litigating this FOIA request in district court.

Our January 11, 2005 FOIA request sought contracts with public affairs firms and records of any contacts with public relations firms that HHS may have had. In accordance with the six factors set forth in 5 U.S.C. §552(a)(4)(A)(iii),, CREW requested a waiver of fees associated with processing this request for records.

CREW satisfies fully the requirements for a fee waiver. A s explained in our request, the subject of this request concerns the operations of the federal government and the disclosure will likely contribute to a better understanding of HHS's efforts to shape public opinion. There has been wide public attention given to government agencies' use of video news releases and other media products created by public affairs firms to promote certain policies of this Administration. HHS's release of records regarding any contact or contracts it has or had with any public affairs firm will contribute significantly to the public's understanding of the individuals and organizations that influence, or attempt to influence, public opinion regarding HHS and its policies and programs.

Your initial assessment, expressed in the June 30, 2005 letter, that we are "unlikely to unearth fresh or new issues that have not already been explored in various media accounts in

2004 or early 2005,." is incorrect in all respects. First, that is not a legitimate criteria for determining whether CREW is entitled to a fee waiver. Moreover, that media accounts have touched on HHS's use of public affairs firms in their accounts of the broader issue is no substitute for the detailed treatment that is CREW's hallmark in its treatment of issues.

In addition, as we explained in our request, CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. CREW uses a combination of research, litigation, and advocacy to advance is mission.  The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will share its analysis with the public, either through memoranda or reports. As a review of CREW's website – www. citizensforethics.org – illustrates, CREW has an established history of using the Freedom of Information Act for these purposes.

Thus, your initial assessment that CREW has not demonstrated "a regular practice of or mechanism for dissemination of information to the public" is incorrect as a matter of law and fact. CREW's dissemination of information is at the heart of what it does. For example, CREW recently published a report, *Addicted to Porn: How Members of Congress Benefit from Pornography*, that details the campaign contributions that members of Congress had received from corporations involved in pornography. CREW has also disseminated information through the internet. Currently, for example, CREW's web site contains a link to a site, prepared by CREW, that details the many activities of Jack Abramoff, a Washington lawyer and lobbyist currently under criminal investigation, and the many powerful individuals linked to Abramoff through such things as campaign contributions.

Finally, we note that CREW has used the FOIA extensively and, to date, every federal agency with which CREW has filed a FOIA request has granted CREW's request for a fee waiver, with the exception of HHS (and, in a recent unrelated FOIA, TSA). All of these other agencies have recognized without question that CREW is not a commercial user, that the subjects of CREW's FOIA requests concern information very much in the public interest, and that CREW has demonstrated an ability to disseminate information to the general public. Indeed, in every other FOIA request for documents similar to those sought from HHS, i.e., documents relating to contracts and contacts with public affairs firm, CREW has been granted fee waivers. The present request should be no exception.

2

Under these circumstances, CREW satisfies fully the criteria for a fee waiver and, accordingly, HHS' initial determination that CREW should be placed in the "other" fee category and denied a fee waiver must be reversed.

Sincerely,

ANNE L. WEISMANN

**EXHIBIT I**



DEPARTMENT OF HEALTH & HUMAN SERVICES                      Office of the Secretary

_____

Washington, D.C. 20201

Appeal Case No. 2005-A-80MB

JUL 1 4 2005

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington (CREW)
11 DuPont Circle, N.W., 2nd Floor
Washington, D.C. 20036

Dear Ms. Weismann:

This responds to your July 6, 2005, letter in which you appeal the decision of Mr.
Rosario Cirrincione not to waive fees for Freedom of Information Act (FOIA)
services for your organization's January 11, 2005, FOIA request from Melanie
Sloan. She sought contracts with public affairs firms and records of any contact
with public relations firms.

I have completed my review of the issues involved in this case.  This Department's
regulations state that fees may be waived if the disclosure of the information meets
both of the following tests:  (1) It is in the public interest because it is likely to
contribute significantly to public understanding if the operations and activities of
the Government, and (2) it is not in the commercial interest of the requester.  You
have not successfully met the first criterion because you have not demonstrated how
disclosure would reveal any meaningful information about Government operations
or activities that is not already public knowledge and how disclosure would advance
the understanding of the general public as distinguished from a narrow segment of
interested persons.

In your July 6, 2005, letter of appeal you contend that you fully satisfy the
requirements for a fee waiver and should not be placed in the "other" category.
You state that the following reasons why this Department should grant you a fee
waiver:  (1) your organization's request concerns the operations of the federal
government and this disclosure will likely contribute to a better understanding of
HHS's efforts to share public opinion: (2) there has been wide public attention given
to government agencies' use of video news releases and other media products
created by public affairs firms to promote certain polices of this Administration: (3)
this information will contribute significantly to the public's understanding of the
individual's and organizations that influence, or attempt to influence public opinion
regarding HHS and its policies and programs; and (4) HHS is the only department,
with the exception of the FOIA Office within the Transportation Security
Administration (TSA), that has not granted you a fee waiver.

Regarding Items (1), (2) and (3), I find that I must reiterate Mr. Cirrincione's statement in his interim response to the effect that you have not clearly articulated a basis for how the records you have requested will shed light on the operations and activities of the Government. Your statements, as documented in your appeal letter, have not explained how the records would reveal meaningful information, the general nature and policy implications of which are not already public knowledge. Again, the great majority of the requested records are of a routine administrative nature, and are unlikely to unearth fresh or new issues that have not already been explored in various media accounts in 2004 or early 2005.

As to Item No. (4), the fact that you have been granted fee waivers by other agencies is not relevant to your request to the Department of Health and Human Services. Even though you were able to obtain information from other Federal agencies that granted you fee waivers, it has no bearing on the decisions made within this Department.

As Mr. Cirrincione stated previously, you have also not adequately addressed or documented the issue of your ability to disseminate the information that would be released. You have not demonstrated a firmly established track record for successfully publishing information to the public, especially new information that would be of interest beyond a narrow segment of the general population. You have not identified a particular focus of a search beyond "all contracts" and "all contacts" concerning contractual relationships with public affairs firms, and you have not adequately disclosed a particularized plan for the analysis and publication of any new information that may in fact be located and released.

Further, you offer as a significant argument for obtaining a fee waiver the fact that CREW is a nonprofit organization and is not seeking the information for commercial purposes. We have never implied that your purpose in obtaining this information was commercial in nature; your tax exempt status does not, in itself, qualify you for a fee waiver. However, because you did not meet the first criterion for receiving a fee waiver, the second criterion is moot. I continue to uphold the denial of your request for a waiver of fees for FOIA services.

Mr. Cirrincione also explained to you in his June 30, 2005, interim response letter that your request had been placed in the "other" fee category. He further explained that in this category requesters are subject to billing for search and duplication, but not for review costs. Nor do we charge you for the first two hours of search time or for the copying of the first one hundred pages of records.

This letter constitutes the final decision of the Department in this matter. If you wish, you may seek judicial review in the district court of the United States in the

district in which you reside, at your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely yours,

William A. Hall
Director
News Division, OASPA