UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:05cv01127(CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER

Defendant, the Department of Health and Human Services (DHHS), hereby answers Plaintiff's First Amended Complaint as follows:

### FIRST DEFENSE

Defendant properly withheld information pursuant to the exemptions provided by the Freedom of Information Act (FOIA).

### SECOND DEFENSE

Defendant answers the numbered paragraphs of the First Amended Complaint as follows:

1.  This paragraph contains Plaintiff's characterization of this action to which no response is required; to the extent that a response is required, Defendant admits that Plaintiff purports to bring an action under the Freedom of Information Act.

2.  This paragraph contains Plaintiff's characterization of this action to which no response is required; to the extent a response is required, Defendant admits that Plaintiff's First Amended Complaint purports to seek declaratory and injunctive relief.

      3.      The averments contained in this paragraph are statements of jurisdiction and venue, to which no response is required.

      4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

      5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

      6.      Defendant denies the averments contained in this paragraph.

      7.      Defendant admits the averment contained in the first sentence of this paragraph. Defendant is without knowledge or information sufficient to determine a belief as to whether it is in possession and control of all of the records requested by the Plaintiff. Defendant admits the remaining averments contained in this paragraph.

      8.      The averments contained in this paragraph are statements of law to which no response is required.

      9.      The averments contained in this paragraph are statements of law to which no response is required.

      10.      The averments contained in this paragraph are statements of law to which no response is required.

      11.      The averments contained in this paragraph are statements of law to which no response is required.

      12.      The averments contained in this paragraph are statements of jurisdiction, to which no response is required.

      13.      The averments contained in this paragraph are statements of law to which no

response is required.

14. The averments contained in this paragraph are statements of law to which no response is required.

15. Defendant admits the first sentence contained in this paragraph, and states that the referenced document is the best evidence of its contents. Defendant is without knowledge or information sufficient to determine a belief as to the second sentence contained in this paragraph.

16. Defendant denies the first sentence contained in this paragraph. Defendant is without knowledge or information sufficient to determine a belief as to the second sentence contained in this paragraph.

17. Defendant is without knowledge or information sufficient to determine a belief as to the averment contained in this paragraph, and states that the referenced document is the best evidence of its contents.

18. Defendant is without knowledge or information sufficient to determine a belief as to the averment contained in this paragraph, and states that the referenced document is the best evidence of its contents.

19. Defendant is without knowledge or information sufficient to determine a belief as to the averments contained in this paragraph, and states that the referenced document is the best evidence of its contents.

20. Defendant admits that GAO released a memorandum dated February 17, 2005, and states that the referenced document is the best evidence of its contents.

21. Defendant admits that the Department of Justice, Office of Legal Counsel contested GAO's May 19, 2004 opinion. With respect to the remaining averments contained in

this paragraph, Defendant states that the referenced document is the best evidence of its contents.

22. Defendant is without knowledge or information sufficient to determine a belief as to the averments contained in this paragraph, and states that the referenced document is the best evidence of its contents.

23. Defendant is without knowledge or information sufficient to determine a belief as to the averments contained in this paragraph, and states that the referenced document is the best evidence of its contents.

24. Defendant is without knowledge or information sufficient to determine a belief as to the first averment contained in this paragraph.  With respect to the second averment contained in this paragraph, Defendant states that the referenced document is the best evidence of its contents.

25. Defendant admits the averments contained in this paragraph, and states that the referenced document is the best evidence of its contents.

26. Defendant denies the first sentence in this paragraph, and states that its standard practice is to issue an acknowledgement postcard to requesters on the date that a request is received.  Defendant also states that it issued a June 30, 2005 interim response letter to Plaintiff.

27. The first sentence contained in this paragraph includes statements of law to which no response is required.  With respect to the second sentence, Defendant is without knowledge or information as to Plaintiff's calculation, but states that February 9, 2005 is the 20th day after it received Plaintiff's request.

28. The averments contained in this paragraph are statements of law to which no response is required.

29. Defendant admits that the Plaintiff requested a fee waiver. Defendant denies that Plaintiff demonstrated that it met the statutory and regulatory requirements for a fee waiver, and states that the referenced document is the best evidence of its contents.

30. Defendant admits the first sentence contained in this paragraph. With respect to the remaining sentences contained in this paragraph, Defendant states that the referenced document is the best evidence of its contents.

31. Defendant admits that Plaintiff filed an administrative appeal of Defendant's determination to deny Plaintiff's request for a fee waiver. Defendant denies the remaining sentence contained in this paragraph, and states that the referenced document is the best evidence of its contents.

32. Defendant admits that it denied Plaintiff's appeal for a fee waiver, and states that the referenced document is the best evidence of its contents.

33. The averments contained in this paragraph are statements of law to which no response is required.

34. Defendant incorporates by reference its answer to the preceding paragraphs.

35. This paragraph contains legal conclusions and statements of law to which no response is required.

36. This paragraph contains legal conclusions and statements of law to which no response is required.

37. This paragraph contains legal conclusions and statements of law to which no response is required.

38. Defendant incorporates by reference its answer to the preceding paragraphs.

39. This paragraph contains legal conclusions and statements of law to which no response is required.

40. This paragraph contains legal conclusions and statements of law to which no response is required.

41. This paragraph contains legal conclusions and statements of law to which no response is required.

42. Defendant incorporates by reference its answer to the preceding paragraphs.

43. This paragraph contains legal conclusions and statements of law to which no response is required.

44. This paragraph contains legal conclusions and statements of law to which no response is required.

## Prayer for Relief

The remaining paragraphs in the Complaint represent Plaintiff's Prayer for Relief to which no response is required; to the extent a response is required, denied. Defendant further denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Defendant denies each and every allegation made in this Complaint not expressly admitted herein and respectfully requests that the court enter judgment in Defendant's favor, dismiss Plaintiff's Complaint with prejudice, and award Defendant its costs, expenses, attorneys' fees, and such additional relief as the Court may deem appropriate.

Dated: August 3, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney


   /s/ Jeremiah E. Goulka
ELIZABETH SHAPIRO
JEREMIAH E. GOULKA
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Room 6136
Washington, D.C.  20044
Tel.:  (202) 514-5838
Fax:  (202) 616-8202
Email: Jeremiah.Goulka@usdoj.gov
Attorneys for Defendant