UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:05cv01127(CKK)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

In accordance with Rule 56 of the Federal Rules of Civil Procedure, the United States Department of Health and Human Services ("HHS" or "Department"), opposes plaintiff's motion for partial summary judgment and respectfully moves the court to enter partial summary judgment on its behalf because there is no genuine issue of material fact presented in this portion of the case, and defendant is entitled to judgment as a matter of law. Plaintiff contends in its motion that it is entitled to a fee waiver under the Freedom of Information Act (FOIA) because the disclosure of records relating to "any contact, dating from January 1, 2001 that any office of the Department of Health and Human Services may have had with any external public affairs firms" is in the "public interest." Plaintiff fails to establish its entitlement to a fee waiver as a matter of law because plaintiff has failed to demonstrate that its request will significantly contribute to a greater understanding on the part of the public at large of government activities or operations.

## PROCEDURAL HISTORY

On January 11, 2005, plaintiff requested documents from HHS under the Freedom of Information Act, asking HHS to produce "any contracts the Department of Health and Human Services may have entered into with any public affairs firm," as well as "records of contacts any Department of Health and Human Services employee may have had with any employee of any public affairs firm with which the Department of Health and Human Services had a contractual relationship." See Ex. F to plaintiff's Amended Complaint. In its request, plaintiff sought a fee waiver. See id. On June 8, 2005, plaintiff filed its complaint in this action. On June 30, 2005, defendant denied plaintiff's request for a fee waiver because it was "unlikely to unearth free or new issues" and because CREW had failed to demonstrate that it has a "regular practice of" and "mechanism for dissemination of information to the public." See Ex. G to Amended Complaint. Plaintiff appealed the decision of denial on July 6, 2005. See Ex. H to Amended Complaint. Defendant denied plaintiff's appeal by letter on July 14, 2005, finding that CREW had failed to satisfy the "public interest" prong of the fee waiver standards. See Ex. I to Amended Complaint. Plaintiff filed its partial motion for summary judgment on August 1, 2005.

## ARGUMENT

**Standard and Scope**

The FOIA requires agencies to reduce or eliminate all fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also 45 CFR § 5.45. The party requesting documents under the FOIA bears the burden of establishing that the requirements are satisfied. Larson v. CIA, 843 F.2d 1481, 1483 (D.C. Cir. 1988). Because defendant does not contest plaintiff's assertion that the disclosure of the requested information is not primarily in its commercial interest, this memorandum will focus only on plaintiff's failure to establish that the disclosure of the requested records is likely to contribute significantly to the

public understanding of the operations or activities of the government.

The court decides *de novo* whether to grant plaintiff's request for a public interest waiver, but the scope of judicial review is limited to the administrative record established before the agency – the correspondence between plaintiff and the agency which plaintiff attached to its complaint. See 5 U.S.C. § 552(a)(4)(A)(vii); Larson v. CIA, 843 F.2d at 1483; Judicial Watch v. Dep't of Justice, 133 F.Supp.2d 52, 53 & n.1 (D.D.C. 2000) (disallowing consideration of information not provided by plaintiff in the administrative record).

There are four factors that the court must consider in determining whether the disclosure plaintiff seeks is in the public interest. D.C. Technical Assistance Org., Inc. v. U.S. Dep't of Housing and Urban Development, 85 F.Supp.2d 46, 48-49 (D.D.C. 2000). These factors are: 1) whether the subject matter of the requested documents specifically relates to operations or activities of the government; 2) whether the requested documents will be likely to contribute to an understanding of specific government activities or operations; 3) whether the disclosure will contribute to a greater understanding on the part of the public at large, and 4) whether disclosure of the requested documents will contribute significantly to the public's understanding of government activities or operations. Id. Plaintiff has failed to meet any of these factors.

**I.    Factor One: Operations or Activities of the Government**

(a)    Plaintiff's Initial Request for a Fee Waiver

The first factor under the public-interest prong under the fee waiver test requires that the requested records, in the context of the request, must specifically concern identifiable operations and activities of the federal government. 5 U.S.C. § 552 (a)(4)(A)(iii); see also Oglesby v. Dep't of Justice, No. 02-0603, slip op. at 3 (D.D.C. Sept. 3, 2002) (attached as Ex. 1). In its fee waiver request, plaintiff stated that the subject matter of its request concerns "the Department of Health and Human Services efforts to shape public opinion." Ex. F to Amended Complaint at 2. This statement is a vague, conclusory assertion: plaintiff has not explained the connection between the information sought, (i.e., any contact, dating from January 1, 2001 that any office within the

Department may have had with any external public affairs firms), and an identifiable government operation or activity.

Plaintiff's allusion to defendant's "efforts to shape public opinion" neither identifies any issue or subject on which "public opinion" is to be shaped, nor does it specify what "efforts" defendant allegedly makes toward such an amorphous end. Plaintiff's initial request for a fee waiver failed to specifically identify "how this voluminous request relates to [HHS]." Ex. F to Amended Complaint. Indeed, via its FOIA request, plaintiff has cast an enormous net with which it seeks to go on a "fishing expedition that does not relate to defined operations or activities of [HHS]." Van Fripp v. Parks, No. 97-159, slip op. at 10 (D.D.C. Mar. 13, 2000) (attached as Ex. 2). Such a request does not warrant a search at public expense. Id., see also American Federation of Government Employees v. Dep't of Commerce, 632 F.Supp. 1272, 1278 (D.C. Cir. 1986). Defendant's June 30, 2005 denial of plaintiff's request (Ex. G to Amended Complaint) was therefore appropriate.

(b)  Plaintiff's Administrative Appeal of Defendant's Denial of its Fee Waiver Request

Plaintiff's July 6, 2005 appeal of the Department's denial of its request for a fee waiver again stated that the disclosure of the requested documents would shed light on "HHS's efforts to shape public opinion." See Plaintiff's July 6, 2005 letter of appeal (Ex. I to Amended Complaint). In addition, plaintiff asserted that "HHS's release of records regarding any contact or contracts it has or had with any public affairs firm will contribute significantly to the public's understanding *of the individuals and organizations that influence, or attempt to influence, public opinion regarding HHS and its policies and programs.*" Id. (emphasis added). Again, plaintiff failed to specify how its request concerns identifiable operations or activities *of the government.*

In order to qualify for a fee waiver, the records must be sought for their informative value with respect to specifically identified government operations or activities; a request for access to records for their intrinsic informational content alone does not satisfy this threshold consideration. See, e.g., Judicial Watch, Inc. v. Reno, No. 00-0723, 2001 WL 1902811 at *10

4

(D.D.C. Mar. 30, 2001) (upholding agency's assessment of fees, reasoning that while agency's response to citizen letters regarding Cuban emigre Elian Gonzales would likely contribute to understanding of agency actions, citizen letters to agency on that topic do not).  In its appeal, plaintiff contended that the Department's release of the requested documents would provide insight into operations and activities of the *individuals and organizations* that influence public opinion.

Assuming, for the sake of argument only, that plaintiff is correct in this contention, plaintiff has, nevertheless, only shown that the requested records will tell plaintiff something about the activities of individuals and organizations *outside the government*.  Records in an agency's possession that are sought for their intrinsic informational content alone – rather than for their informative value with respect to specific government operations or activities – can hardly hold real prospect for contributing to public understanding of those governmental operations or activities.  Further, if CREW's request pertains to allegations of political motivations, such allegations have already been publicized in the press.  In the case of requests such as this one, whether for records submitted to HHS or generated by it, this threshold consideration is not satisfied.

Plaintiffs' initial request for a fee waiver and its appeal of the Department's decision to deny its request constitute the entire administrative record that was before the Department when it made its final determination of denial.  Plaintiff's failure to satisfy the first factor of the public-interest test is fatal to its claim. Thus, the Department's July 14, 2005 final decision (Ex. I to Amended Complaint) to deny plaintiff's request for a fee waiver was appropriate, and defendant's cross-motion for partial summary judgment should be granted.

II.    **Factor Two: Likelihood of Contributing to an Understanding of Specific Government Activities or Operations**

The second factor of the public interest test requires that the disclosable information be "meaningfully informative about government operations or activities" in order to be likely to

contribute to an increased public understanding of those operations or activities.  See Larson v. CIA, 843 F.2d at 1483; VoteHemp, Inc., v. Drug Enforcement Administration, 237 F.Supp.2d 55, 61 (D.D.C. 2002). Even if the court were to find that "efforts to shape public opinion" qualifies as a specifically identified government operation or activity, the records requested by plaintiff are not meaningfully informative in this respect.

On March 13, 2005, the New York Times published a front-page story on the Bush administration's use of prepackaged news.  See David Barstow and Robin Stein, The Message Machine: How the Government Makes News; Under Bush, a New Age of Prepackaged News, 2005 WLNR 3884003 (Mar. 13, 2005) (attached as Ex. 3).  The 12-internet-page article details at length the Bush administration's use of the prepackaged news story and notes that prepackaged news is a well-established tool of public relations that the federal government has been utilizing since the Clinton administration.  Id.  Although "a definitive accounting is nearly impossible," the report provided a very detailed report of how not less than 20 federal agencies – particularly HHS –  have made and distributed hundreds of television news segments in the past four years. Id. at 2-5, quote at 4.  The Department has acknowledged expanded efforts to produce news segments to support objectives ranging from Medicare reform to curbing childhood obesity.  Id. at 1-2.

As noted in the Department's initial and final decision letters to the plaintiff, these activities are part of its standard, routine operations.  The Department has legal authority to produce news segments to support a broad range of objectives within its purview.  See 42 U.S.C. § 300u(a)(4).  It has acknowledged to the New York Times that it frequently produces such news segments.  See Barstow and Stein at 2.  It is difficult to fathom what meaningful information plaintiff, through its FOIA request, hopes to add to what has been widely disseminated by the New York Times with respect to HHS' "efforts to shape public opinion."

Now that this case has reached the litigation stage – after the record the Court may consider had already closed – plaintiff argues that its FOIA request is necessary because

6

> HHS has been at the center of a public controversy over whether HHS and other agencies engaged in illegal covert propaganda when they distributed prepackaged video news releases created by outside public relations firms and failed to reveal the source of the information, thereby implying that the propaganda pieces were objective news stories created by the news media for direct public dissemination. Quite obviously, revelation of the contracts and contacts HHS had with public relations firms would shed light on this issue.

Pl's Mem. at 2.

Plaintiff did not make this assertion in its correspondence with the Department, so it is not properly before the court. See, e.g., Judicial Watch v. Dep't of Justice, 133 F.Supp.2d 52, 53 & n.1 (D.D.C. 2000). Even if it were, plaintiff has nevertheless failed to show how HHS' release of the requested documents will give the public a greater understanding beyond what is already in the public domain.[1]

It has been highly publicized that, in May 2004, the Government Accountability Office ("GAO") found that three video news releases created by a contractor and distributed by HHS constituted "covert propaganda." See GAO, Department of Health and Human Services, Centers for Medicare and Medicaid Services – Video News Releases, GAO/B-302710 (May 19, 2004), available at http://www.gao.gov/decisions/appro/302710.htm. These video news releases were created to inform the public about the ramifications of the Medicare Modernization Act, but the releases failed to reveal the source of the information within their text. Id. Details concerning the production and substance of these video news releases, as well as GAO's reasons for its finding, are documented not only in GAO's decision, but in the New York Times article, as well. Both the GAO's decision and the New York Times article are widely available on the internet.

---

[1] Even had plaintiff presented covert propaganda as the subject matter of its request to the Department, the absence of independent evidence of other instances in which HHS commissioned public relations firms to produce covert propaganda renders plaintiff's request too ephemeral to compel the public to pay for its request. Van Fripp, slip op. at 10 (Ex. 2) (citing American Federation of Government Employees v. Dep't of Commerce, 632 F.Supp. 1272, 1278 (D.C. Cir. 1986)). See also VoteHemp v. Drug Enforcement Administration, 237 F.Supp.2d 55, 60 (D.D.C. 2002) (rejecting as "rank speculation" plaintiff's allegations that agency had "ulterior motive" when it published its interpretive rule).

A fee waiver may be denied when the material requested has already been released and is in the public domain. <u>Ortloff v. Department of Justice</u>, No. 98-2819, slip op. at 20 (D.D.C. Mar. 22, 2002) (attached as Ex. 4) ("Plaintiff's numerous submissions of press accounts . . . tend to undercut his argument that disclosure to him is necessary in the public interest."). Plaintiff "made no particularized explanation of how its work would add anything to 'public understanding' in light of the vast amount of material already disseminated and publicized." <u>Sierra Club Legal Defense Club v. Bibles</u>, 1994 WL 465881, at *2 (9th Cir. 1994). The fact that plaintiff considers its work to be in the public interest does not suffice to entitle it to copies at taxpayer expense of documents for which others would have to pay. <u>Id.</u>

Plaintiff's failure to satisfy the second factor of the public-interest test is fatal to its claim. Thus, the Department's July 14, 2005 final decision to deny plaintiff's request for a fee waiver was appropriate, and defendant's cross-motion for partial summary judgment should be granted.

**III.    Factor Three: The Public Contribution**

In order to satisfy the third factor of the public interest test, plaintiff must establish that the disclosure of the requested documents will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons. See <u>Judicial Watch v. Dep't of Justice</u>, 185 F.Supp.2d 54, 62 (D.D.C. 2000) (stating that requester must show that disclosure will contribute to understanding of "reasonably broad audience of persons"). In its initial request for a fee waiver, plaintiff stated that it "will *likely* share its analysis with the public, either through memorandums or reports." Ex. F to Amended Complaint at 3 (emphasis added). This statement is insufficient to demonstrate an intent and ability to disseminate material to a reasonably broad audience of interested persons. Plaintiff made no mention of any means it has to disseminate memorandums or reports. Therefore the agency's initial finding that plaintiff had failed to demonstrate a mechanism for dissemination of information to the public was therefore entirely appropriate.

In its appeal of the agency's initial decision plaintiff stated that a review of its website –

http://www.citizensforethics.org – illustrates that it has an "established history of using the FOIA for purposes of disseminating information to the public." Ex. H to Amended Complaint at 2. Additionally, plaintiff asserted that it "has used the FOIA extensively and, to date, every federal agency [other than HHS and TSA] with which [we have] filed a FOIA request has granted [our] request for a fee waiver." Id. However, all the documents on plaintiff's website can be sourced to other articles or data already in the public domain. See Exs. G, I to Amended Complaint. In this context, the Department could reasonably only conclude that despite its intent to disseminate new information, plaintiff is unqualified to successfully do so. See, e.g., McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1286 (9th Cir. 1987) (observing that fee waiver request gave no indication of requester's ability to understand and process information).

### IV.   Factor Four: Significant Contribution to Public Understanding

In order to satisfy the fourth factor of the public interest test for a fee waiver, the plaintiff must show that the intended disclosure will contribute significantly to public understanding of government operations and activities. To warrant a waiver of fees, the public's understanding of the subject matter in question, as compared to the level of public understanding existing prior to the disclosure, must be likely to be enhanced by the disclosure to a significant extent. Plaintiff did not address this factor in either its request or its appeal, and for this reason alone, plaintiff must fail. See, e.g., Judicial Watch v. Dep't of Justice, 2000 WL 33724693, at *5 (D.D.C. 2000) ("[Plaintiff's] submissions to the Defendant do not discuss whether the disclosure would significantly enhance public understanding" of an identifiable government activity or operation).

Plaintiff failed to explain how the requested documents would add anything to public understanding in light of the vast amount of material already disseminated and publicized. Indeed, plaintiff cited some of this material in its various filings, highlighting the *lack* of a need for its requests. Only now, after the Department considered its request, does plaintiff identify covert propaganda as an independent justification for its request. This justification comes too

late.

## CONCLUSION

Because defendant's decision to deny plaintiff's request for a fee waiver was proper, defendant requests the Court to deny plaintiff's motion for partial summary judgment, and to grant defendant's motion for partial summary judgment, denying plaintiff's request for a fee waiver.

Dated: August 30, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

Of Counsel:

KENNETH L. WAINSTEIN
United States Attorney

AMY WEISER
Office of General Counsel
Department of Health
 and Human Services

_____/s/_____
ELIZABETH J. SHAPIRO
JEREMIAH E. GOULKA
Attorneys, U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883, Room 6136
Washington, DC  20044
Tel: (202) 514-5838
Fax: (202) 616-8460
Email: Jeremiah.Goulka@usdoj.gov

Attorneys for defendant