UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                  )
CARL OGLESBY,                     )
                                  )
      Plaintiff,                  )
                                  )
v.                                )   Civil Action No. 02-0603 (RWR)
                                  )
DEPARTMENT OF JUSTICE, <u>et al.</u>,  )
                                  )
      Defendants.                 )
_____ )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Carl Oglesby is a writer who filed this action
under the Freedom of Information Act ("FOIA") seeking records
pertaining to himself from the Federal Bureau of Investigation
("FBI") and the Central Intelligence Agency ("CIA").  After the
FBI denied plaintiff's request for a waiver of the copying fees
associated with his request, plaintiff filed a motion for a
waiver of the copying fees.  Because plaintiff has not shown that
the requested information is in the public interest, he is not
entitled to a fee waiver and his motion will be denied.

<u>BACKGROUND</u>

Plaintiff submitted a written request to the FBI for records
about himself.  He submitted identical requests to the FBI's
headquarters in Washington, D.C., and to the FBI's field offices
in Chicago, New York City, and Washington.  Plaintiff noted that

- 2 -

he is an investigative journalist and an author, that he had
taught political analysis at various colleges, and that he had
lectured on college campuses throughout the United States and
abroad.

Plaintiff also requested a public interest fee waiver
pursuant to 5 U.S.C. § 522(a)(4)(A)(iii) (West 2000).  The FBI
denied the request for a fee waiver.  Oglesby unsuccessfully
appealed the FBI's decision to its Office of Information and
Privacy.

<u>DISCUSSION</u>

Plaintiff seeks review of the FBI's decision to deny his
request for a fee waiver.  "Judicial review in 'any action by a
requester regarding the waiver of fees' is de novo, but is
limited to the record before the agency."  <u>Campbell v. Department
of Justice</u>, 164 F.3d 20, 35 (D.C. Cir. 1998) (citing 5 U.S.C.
§ 552(a)(4)(A)(vii)).

FOIA permits an agency to charge a FOIA requester a fee
sufficient to recover the cost of searching for documents,
reviewing any documents retrieved during the search, and
duplicating the documents that are to be disclosed.  5 U.S.C.
§ 552(a)(4)(A)(iv); <u>National Security Archive v. Department of
Defense</u>, 880 F.2d 1381, 1382 (D.C. Cir. 1989), <u>cert. denied</u>, 494
U.S. 1029 (1990).  The agency must waive the copying fees for any

request that is "in the public interest because it is likely to
contribute significantly to public understanding of the
operations or activities of the Government and is not primarily
in the commercial interest of the requester." <u>National Security
Archive</u>, 880 F.2d at 1383 (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).
To qualify for the fee waiver, "a requester must make an adequate
showing that the information requested is in the public interest
and that it is not primarily in the commercial interest of the
requester." <u>Oglesby v. Department of the Army</u>, 920 F.2d 57, 66
n.11 (D.C. Cir. 1990) (citing 5 U.S.C. § 552(a)(4)(A)(iii)).  The
Department of Justice has promulgated a four-factor analysis for
consideration of whether requested information is in the public
interest.  <u>See</u> 28 C.F.R. § 16.11(k)(2); <u>see also</u> <u>Judicial Watch,
Inc. v. Department of Justice</u>, 122 F. Supp. 2d 13, 17 (D.D.C.
2000).

The first factor is whether the subject of the requested
information concerns "identifiable operations or activities of
the federal government, with a connection that is direct and
clear, not remote or attenuated."  28 C.F.R. § 16.11(k)(2)(i)
(quoted in <u>Judicial Watch</u>, 122 F. Supp. 2d at 17).  "The
requester 'bears the initial burden of identifying, with
reasonable specificity, the public interest to be served.'"
<u>Judicial Watch</u>, 122 F. Supp. 2d at 17 (quoting <u>Fitzgibbon v.</u>

- 4 -

<u>Agency for International Development</u>, 724 F. Supp. 1048 (D.D.C. 1989)).  Plaintiff fails to satisfy this burden.  In his request for a fee waiver, plaintiff stated that the information would show "which of Mr. Oglesby's activities were of interest to the Government and what actions it took with respect to them . . .." Letter dated 9/6/01, Exh. 3 to Motion.  This conclusory statement does not identify with adequate specificity the link between the identifiable government operations and the information requested by plaintiff.

The second factor is whether the requested information is "meaningfully informative about government operations or activities in order to be likely to contribute to an increased public understanding of those operations or activities."  28 C.F.R. § 16.11(k)(2)(ii) (internal quotations omitted).  "Courts usually find that information already in the public domain is not 'likely to contribute' to public understanding."  <u>Judicial Watch</u>, 122 F. Supp. 2d at 17 (citations omitted).  It is undisputed that many of the documents requested by plaintiff, including news articles, speeches, interviews, and transcripts, are already in the public domain.  Moreover, plaintiff has not shown the necessary connection between the requested information and increased public understanding of specific government operations and activities.

- 5 -

The third factor is whether disclosure of the requested
information would "contribute to the understanding of a
reasonably broad audience of persons interested in the subject,
as opposed to the individual understanding of the requester."  28
C.F.R. § 16.11(k)(2)(iii).  There is a presumption that a member
of the news media meets this factor.  Judicial Watch, 122 F.
Supp. 2d at 18 (citing 28 C.F.R. § 16.11(k)(2)(iii)).  The FBI
granted plaintiff's request for news media status and that
decision has not been challenged.  As a result, plaintiff is
entitled to the benefit of this presumption and, on that basis,
satisfies the third factor.

The final factor is whether disclosure of the information
would significantly contribute to the public's understanding of
government operations and activities when compared to the
public's understanding prior to disclosure.  Id. (citing 28
C.F.R. § 16.11(k)(2)(iv)).  Plaintiff has failed to establish
this factor.  Plaintiff's conclusory statement that the requested
information will show which of his activities were of interest to
the government and what government actions were taken in response
to those activities does not show how the public's understanding
of government operations would be significantly enhanced by the
disclosure of the requested documents about plaintiff.

- 6 -

Based on a *de novo* review of the four relevant factors, plaintiff's conclusory statement that release of the requested documents would show which of his activities were of interest to the FBI and what actions the FBI took with respect to plaintiff's activities is inadequate to satisfy plaintiff's burden to show that the requested information is in the public interest such that plaintiff would be entitled to a fee waiver.

## CONCLUSION

Plaintiff has not shown that the information requested from the FBI is in the public interest.  As a result, he is not entitled to a waiver of the copying fees under 5 U.S.C. § 522(a)(4)(A)(iii).  It is hereby

ORDERED that plaintiff's motion for a waiver of copying fees [11] be, and hereby is, **DENIED**.

SIGNED this 3rd day of September, 2002.

_____
RICHARD W. ROBERTS
United States District Judge