UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:05cv01127(CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN FURTHER SUPPORT OF
OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff's memorandum in opposition to defendant's cross-motion for partial summary judgment and in reply in support of its motion for partial summary judgment ("Pl's Mem.") argues that its request for a fee waiver should be accepted based upon assertions raised primarily in the course of litigation, not in the administrative record before the Department, and based upon the incorrect belief that the burden of persuasion rests with the Department as opposed to the requester. The law is clear: the burden of persuasion rests upon the requester and that burden must be met in the administrative record before the Department. The administrative record clearly indicates that plaintiff failed to meet its burdens when it requested a fee waiver.[1]

---

[1] Plaintiff notes that defendant did not file a statement of material facts with its Motion for Partial Summary Judgment. *See* Pl's Mem. at 1 n.1. Defendant did file a response to plaintiff's statement of material facts, but to remedy this possible omission, defendant has filed a statement of material facts contemporaneously herewith. Should plaintiff wish to file a response to this statement, defendant would not object.

I.  **CREW's Request Did Not Demonstrate that it Concerns the Operations and Activities of HHS**

Plaintiff's opposition brief rests on the erroneous notion that the burdens in FOIA fee waiver requests lay with the agency. It is well-settled that the burdens of persuasion rest upon the requester. *See* Larson v. CIA, 843 F.2d 1481, 1483 (D.C. Cir. 1988) ("Despite the alterations to the statute, the burden for satisfying the public interest standard remains on the requester."), *citing* McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284-85 (9th Cir. 1987), *and* National Treasury Employees Union v. Griffin, 811 F.2d 644, 647 (D.C. Cir. 1987); Casad v. HHS, No. 01-1911, 2003 U.S. Dist. LEXIS 13007, at *20 (D.D.C. June 20, 2003) (emphasizing that requester bears burden of justifying entitlement to waiver of all or part of assessed fee); McQueen v. United States, 264 F. Supp. 2d 502, 524 (S.D. Tex. 2003) (reiterating that burden is on requester to prove entitlement to fee waiver) (appeal pending); Citizens Progressive Alliance v. United States Bureau of Indian Affairs, 241 F. Supp. 2d 1342, 1366 (D.N.M. 2002) (same); Slater v. Executive Office for United States Attorneys, No. 98-1663, 1999 U.S. Dist. LEXIS 8399, at *13 (D.D.C. May 2, 1999) (reiterating that it is plaintiff's burden to establish that statutory standard is met); Klamath Water Users Protective Ass'n v. United States Dep't of the Interior, No. 96-3077, slip op. at 47 (D. Or. June 19, 1997) (magistrate's recommendation) (observing that burden is on requester to show eligibility for fee waiver), *adopted* (D. Or. Oct. 16, 1997), *rev'd on other grounds*, 189 F.3d 1034 (9th Cir. 1999), *aff'd on other grounds sub nom,* Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1 (2001).

Because public policy generally favors fee waivers, the burdens are not mountainous, but nor are they empty. "Under well-established case law," this burden requires fee waiver requests to "be made with 'reasonable specificity,' and based on more than 'conclusory allegations.'" Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003), *quoting* Larson, 843 F.2d at 1483, *and* Griffin, 811 F.2d at 647. Though courts consider agency denials of fee requests *de novo*, its review is confined to the administrative record established before the agency. *See* 5

U.S.C. § 552(a)(4)(A)(vii); Larson, 843 F.2d at 1483; Judicial Watch v. U.S. Dep't of Justice, 133 F.Supp.2d 52, 53 & n.1 (D.D.C. 2000) (disallowing consideration of information not provided by plaintiff in the administrative record).

Under the first element of the fee waiver test, it is plaintiff's burden to establish that the records it requests concern identifiable operations and activities of the government. *See* 5 U.S.C. (a)(4)(A)(iii); *see also* Oglesby v. U.S. Dep't of Justice, No. 02-0603, slip op. at 3 (D.D.C. Sept. 3, 2002). In its reply brief, plaintiff argues that its FOIA request "will disclose how HHS has used its contracting authority and contracting funds to influence and shape public opinion about HHS's policies and programs." Pl's Mem. at 2-3. This is not what plaintiff presented as the purpose of its FOIA request in the administrative record.. Plaintiff's initial request for a fee waiver offered nothing but the bald and conclusory assertion that its request concerns "the Department of Health and Human Services efforts to shape public opinion." Ex. F to plaintiff's Amended Complaint. In appealing the denial of a fee waiver before the agency, plaintiff stated that its request would contribute to the public's understanding *of the individuals and organizations that influence, or attempt to influence, public opinion regarding HHS and its policies and programs.*" Ex. H to plaintiff's Amended Complaint (emphasis added). Even if the Court finds that plaintiff adequately met its burden on this point, plaintiff manifestly failed to satisfy its burdens on the remaining prongs of the fee request test.

Plaintiff also argues that "the larger story here is that HHS used its contracting authority to produce covert propaganda in the face of opinions by the Government Accountability Office ("GAO") that such expenditures were illegal." Pl's Mem. at 3. This assertion is not a sound basis for a fee waiver for two reasons.

First, plaintiff failed to raise this as a basis at the administrative level. Indeed, plaintiff neither mentioned the GAO report nor the concept of "covert propaganda" in the administrative record. *See* Exs. F, H to plaintiff's Amended Complaint. Review of denials of fee requests is limited to the administrative record, so plaintiff's assertion is not timely. *See* 5 U.S.C. §

3

552(a)(4)(A)(vii); Larson, 843 F.2d at 1483; Judicial Watch v. U.S. Dep't of Justice, 133 F.Supp.2d at 53 & n.1.

Second, while it is true that the GAO found that HHS had commissioned certain video news releases that constituted covert propaganda, plaintiff's assertion is mere speculation that the Department continues to engage in any such prohibited practice. The proper inference to GAO's finding is that HHS abides by the GAO's report. Indeed, Congress subsequently passed an appropriations rider prohibiting the government from disseminating this type of information without clearly indicating the source within the text. *See* Section 6076 of Pub. L. 109-13 (May 11, 2005). Plaintiff presents its untimely allegation as if it were fact, but it is mere speculation. Rank speculation about government malfeasance is not adequate to satisfy a requester's burden. *See* VoteHemp, 237 F.Supp.2d at 61 ("Plaintiff's claim is nothing more than rank speculation."), *quoting* D.C. Technical Assistance Organization, Inc. v. U.S. Dept. of Housing and Urban Development, 85 F.Supp.2d 46, 49 (D.D.C. 2000) (denying plaintiffs' request for a fee waiver where they failed "to make a colorable showing that their claim of HUD's bad faith ... has any basis in reality").

II.     **CREW's Request Did Not Demonstrate that it Will Be Meaningfully Informative**

Even if this Court finds that plaintiff adequately satisfied the first prong of the test, plaintiff failed to meet its burden for the second factor of the fee waiver test, which requires that plaintiff demonstrate to the agency that "[t]he documents [are] of such a nature that they will be 'meaningfully informative about government operations or activities in order to be "likely to contribute" to an increased public understanding of those operations or activities.'" VoteHemp, Inc. v. Drug Enforcement Admin., 237 F.Supp.2d 55, 59-60 (D.D.C. 2002), *quoting* 28 C.F.R. § 16.11(k)(2)(ii). As the requester, plaintiff bears the burden of demonstrating that its request satisfies this requirement. *See* VoteHemp, 237 F.Supp.2d at 59, *citing* Larson, 843 F.2d at 1483 (citations omitted); Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F.Supp.2d 54, 60 (D.D.C.

4

2002) ("Judicial Watch III ").[2]

Plaintiff argues that its FOIA request would be meaningfully informative based on its assertion of "the fact that [HHS] continues in the wake of the GAO opinions" to use "covert propaganda." Pl's Mem. at 5-6. As mentioned above, rank speculation of government malfeasance does not satisfy plaintiff's burden, and this speculation comes after the administrative record closed. Even if it did suffice, plaintiff's request could only be meaningfully informative with respect to how HHS made use of its contract authority *after* the May 19, 2004 GAO report or after the May 11, 2005 appropriations rider was passed; records dating back to 2001 are not meaningly informative in any respect.

Plaintiff failed to satisfy its burden of demonstrating that its request would be meaningfully informative in the administrative record. In its initial fee waiver request, plaintiff entirely failed to meet this burden. Its request provided no specificity as to the contribution of its request, merely making the conclusory allegation that "[t]he subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant governmental procedures by CREW and the general public in a significant way. *** Specifically, these records are likely to contribute to the public's understanding of [defendant's] efforts to shape public opinion." Ex. F to plaintiff's Amended Complaint at 2. Plaintiff provided no additional support for this conclusory assertion that it was entitled to a fee request.

In its appeal of the denial of its fee waiver, plaintiff asserted that "[t]here has been wide public attention given to government agencies' use of video news releases and other media products created by public affairs firms to promote certain policies of this Administration.

---

[2] Plaintiff attempts to shift the burden to the agency. *See* Pl's Opening Brief at 9 and Pl's Mem. at 5. Plaintiff argues that "HHS failed to support its summary conclusions that disclosure of the requested documents would not reveal meaningful information and is unlikely to unearth fresh or new ideas." Pl's Mem at 5 (internal quotations omitted). As just discussed, it is well-settled that the burden of demonstrating that a request would reveal meaningfully informative information rests upon the requester, not the agency.

HHS's release of records regarding any contact or contracts it has or had with any public affairs firm will contribute significantly to the public's understanding of the individuals and organizations that influence, or attempt to influence, public opinion regarding HHS and its policies and programs." Ex. H to Amended Complaint at 1. This attempt to satisfy its burden by pointing to information already made public only raised its burden further because "documents that are 'already ⋯ in the public domain, in either a duplicative or a substantially identical form' are not 'as likely to contribute' to the public's understanding." VoteHemp, 237 F.Supp.2d at 60, *quoting* 28 C.F.R. § 16.11(k)(2)(ii). To qualify for a fee waiver regarding information that is already public and has been widely disseminated, it is plaintiff's burden to "provide details specific to this FOIA request indicating how the information sought will contribute to an increased public understanding of government operations or activities." Judicial Watch III, 185 F.Supp.2d at 61. Instead, plaintiff merely stated that the fact "that media accounts have touched on HHS's use of public affairs firms in their accounts of the broader issue is no substitute for the detailed treatment that is CREW's hallmark in its treatment of issues." Ex. H to Amended Complaint at 2. However, just as a requester's "past record in uncovering information is simply irrelevant," "such statements must be supported by facts in order to satisfy the burden placed on the requester of a fee waiver." Judicial Watch III, 185 F.Supp.2d at 61 (citations omitted). As discussed below, plaintiff failed to demonstrate to the Department that this hallmark for detailed treatment included analysis of materials it received from disclosures to FOIA requests *made by plaintiff*.

      Nor does the fact that plaintiff cast a wide net with its FOIA request demonstrate that it is seeking information broader than that which has already been broadly disseminated in the press. *See, e.g.,* VoteHemp, 237 F.Supp.2d at 61; Carlucci, 835 F.2d at 1286 ("Requesters' request asks for a large volume of information, some of it technical, much of it identified only by broad categories. The requester's size and lack of specificity do not improve requester's case for waiver."). For example, if plaintiff were able to assign an exact number to the instances of the

Department's use of pre-packaged news stories, this would add little to public knowledge, especially considering that the Department has publicly admitted that it used such stories. *See, e.g.,* David Barstow and Robin Stein, The Message Machine: How the Government Makes News; Under Bush, a New Age of Prepackaged News, 2005 WLNR 3884003 (Mar. 13, 2005) (Ex. 3 to Defendant's Mem.).[3]  Plaintiff, therefore, has failed to meet its burden of demonstrating to the agency that the records it seeks will be meaningfully informative about the agency's operations or activities.

### III. CREW's Request Did Not Demonstrate That The Requested Documents Will Contribute To the Public Understanding At Large

The third factor of the fee waiver test is that the requested disclosure must contribute to the understanding of the public at large. "The court considers the requestor's ability and intent to effectively convey the information to the public." Judicial Watch, Inc. v. U.S. Dept. of Transp., 2005 WL 1606915, *5 (D.D.C. 2005), *citing* Rossotti, 326 F.3d at 1312.  Plaintiff again attempts to shift its burden to the defendant by arguing that defendant has failed to *prove* that its website is limited to documents that can be sourced to other articles or data already in the public domain. This argument fails; it was plaintiff's burden to show the Department that it had a means to disseminate the requested documents to the public.  Plaintiff failed to do so.

Plaintiff presents two arguments as to why its request will contribute to public understanding.  First, it argues that its website demonstrates that plaintiff disseminates the information it receives from FOIA disclosures to the public via its website.  Plaintiff has not, however, identified any publications on its website indicating that they are based upon FOIA

---

[3] Plaintiff alleges that defendant may not rely upon this article because it is not part of the administrative record. *See* Pl's Mem at 3, 5.  It is true that an agency's fee waiver denial letter should create a comprehensive administrative record of all of the reasons for the denial. *See* S.A. Ludsin & Co. v. SBA, No. 96 Civ. 2146, 1997 U.S. Dist. LEXIS 8617, at *16 (S.D.N.Y. June 19, 1997).  The Department's letters to plaintiff in the administrative record explained that CREW was unlikely to unearth any ideas that had not been explored in various media accounts in 2004 and 2005. *See* Exhs G, I to plaintiff's amended complaint.  Defendant cites the *New York Times* article merely to clarify and explain the Department's stated position, which courts allow. *See, e.g.,* Eagle v. United States Dep't of Commerce, No. C-01-20591, 2003 WL 21402534, at *4 (N.D. Cal. Apr. 28, 1993).

requests.

In the Department's June 30, 2005 letter, in which it denied plaintiff's initial request for a fee waiver, the Department specifically stated, "Neither on your website nor in your request letter have we found any evidence of a regular practice of or mechanism for dissemination of information to the public." *See* Ex. G to Amended Complaint. Instead of responding in its appeal to the Department with a clear reference as to where within its website it could find evidence of dissemination, plaintiff simply asserted that a review of its website, a report it published, and a website it created regarding substantial. Plaintiff's contentions notwithstanding, it has failed to make a showing sufficient to meet its burden.

### IV. Plaintiff Has Not Demonstrated that Disclosure Would Contribute Significantly to Public Understanding

A plaintiff must demonstrate to the agency from which it seeks documents under FOIA that its request "serves the public interest by contributing significantly to the public's understanding of government operations." Judicial Watch, Inc. v. U.S. Dept. of Transp., 2005 WL 1606915, *4 (D.D.C. 2005), *citing* Schrecker v. U.S. Dep't of Justice, 970 F.Supp. 49, 50 (D.D.C. 1997); Fitzgibbon v. Agency for Int'l Dev., 724 F.Supp. 1048, 1050 (D.D.C. 1989); Larson, 843 F.2d at 1483. Thus, under the fourth factor of the fee waiver test, plaintiff must demonstrate that the "contribution to public understanding of Federal government operations or activities will be significant." Judicial Watch, Inc. v. U.S. Dept. of Transp., 2005 WL 1606915, *5 (D.D.C. 2005). The burden is upon the requester to demonstrate how its request will significantly contribute to public knowledge. Id., *citing* Judicial Watch, Inc. v. Department of Energy, 310 F.Supp.2d 271, 295 (D.D.C. 2004), *rev'd on other grounds*, 412 F.3d 125 (D.C. Cir. 2005), *quoting* Carney v. U.S. Dept. of Justice, 19 F.3d 807, 815-16 (2nd. Cir. 1994) ("A fee waiver request should be evaluated based on the face of the request and the reasons given by the requestor in support of the waiver."); *see also* Hall, 2005 WL 850379, at *7 ("The requester bears the burden of making this showing."), *citing* Larson, 843 F.2d at 1483.

To prove that its request would significantly contribute to public knowledge, plaintiff merely alleges that journalists are hamstrung by "deadlines and competition for limited news space," whereas plaintiff "can and will contribute to the public's understanding" through its "detailed analysis of issues, which is its 'hallmark.'" Pl's Mem. at 8.  Merely asserting that plaintiff is not subject to the limitations of journalism and that plaintiff *can* analyze the disclosures resulting from its FOIA request does not entitle it to a fee waiver.  "Plaintiff must assert his justifications with reasonable specificity and the agency may infer a lack of substantial public interest '[w]hen a public interest is asserted but not identified with reasonable specificity, and circumstances do not clarify the point of the requests.'"  Judicial Watch, Inc. v. Reno, 2001 WL 1902811, *10  (D.D.C. 2001), *quoting* Larson, 843 F.2d 1481 at 1483.  Plaintiff did state that CREW's "hallmark" is "detailed treatment" in the administrative record, *see* Ex. H to plaintiff's Amended Complaint, but there is no specificity in the mere contention that plaintiff can analyze disclosures in more depth than journalists.  *See, e.g.,* Oglesby, 920 F.2d at 66, n. 11 (finding conclusory and insufficient plaintiff's statement that "I am a writer and lecturer who has disseminated such information in the past, and I intend to do so in the future.").

Even accepting plaintiff's contention that it provides analysis that is more detailed than that performed by journalists, plaintiff has not demonstrated how its "detailed analysis" would *significantly* contribute to public understanding.  The significance of the contribution is measured in comparison to awareness prior to the disclosure.  *See* Hall, 2005 WL 850379 at *7 ("Disclosure of the information should enhance public understanding of the subject in question as compared with awareness prior to the disclosure."), *citing* Judicial Watch III, 185 F.Supp.2d at 62.  Where the public is already aware of the issue underlying the FOIA request, the requester must explain to the agency with specificity how it intends to significantly add to public knowledge.  In VoteHemp, for instance, the court found that the requester had failed to meet its burden because it did not demonstrate that its request reached beyond the explanation already made by the agency in its interpretive rule.  *See* VoteHemp, 237 F.Supp.2d at 60.

9

After the administrative record closed, plaintiff has attempted to raise "covert propaganda" as a source of significance to its contribution, as well as its speculation that the Department contravenes the GAO ruling on video news releases.  *See* Pl's Mem. at 3, 8.  These attempts fail because plaintiff did not present them as bases for its fee waiver before the Department, and because, as noted above, mere speculation about government malfeasance is not adequate to satisfy a requester's burden.  *See* VoteHemp, 237 F.Supp.2d at 61 ("Plaintiff's claim is nothing more than rank speculation."), *quoting* D.C. Tech. Assist. Org., 85 F.Supp.2d at 49 ("Although plaintiffs assert that the public at large would benefit from the information they seek, they have failed to make a colorable showing that their claim of HUD's bad faith effort to destroy DCTAO has any basis in reality . . .").  Plaintiff, accordingly, has failed to satisfy its burden for the fourth element of the fee waiver test.

## CONCLUSION

Because defendant's decision to deny plaintiff's request for a fee waiver was proper, defendant requests the Court to deny plaintiff's motion for partial summary judgment, and to grant defendant's motion for partial summary judgment, denying plaintiff's request for a fee waiver.


Dated: September 20, 2005              Respectfully submitted,

                                       PETER D. KEISLER
                                       Assistant Attorney General


Of Counsel:                            KENNETH L. WAINSTEIN
                                       United States Attorney
AMY WEISER
Office of General Counsel
Department of Health
 and Human Services


                                       _____/s/_____
                                       ELIZABETH J. SHAPIRO
                                       JEREMIAH E. GOULKA
                                       Attorneys, U.S. Department of Justice
                                       Civil Division
                                       Federal Programs Branch

P.O. Box 883, Room 6136
Washington, DC  20044
Tel: (202) 514-5838
Fax: (202) 616-8460
Email: Jeremiah.Goulka@usdoj.gov

Attorneys for defendant