# Attachment 1

# Citizens for Responsibility and Ethics in Washington

RECEIVED
2005 JAN 11 AM 10: 52
HHS-OASPA-FOI

January 11, 2005

Freedom of Information Officer
U.S. Department of Health and Human Services
Room 645-F
Hubert H. Humphrey Building
Independence Ave., S.W.
Washington, D.C. 20201

**BY FAX:** 202-690-8320

Re: Freedom of Information Act Request

Dear Officer:

Citizens for Responsibility and Ethics in Washington("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 et seq.

This request relates to any contact, dating from January 1, 2001, that any office of the Department of Health and Human Services may have had with any external public affairs firms including, but not limited to Ketchum Public Affairs and Fleischman-Hilliard Public Affairs. Specifically, we request the release of any contracts the Department of Health and Human Services may have entered into with any public affairs firm. We further request records of contacts any Department of Health and Human Services employee may have had with any employee of any public affairs firm with which the Department of Health and Human Services had a contractual relationship.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calenders, information about scheduled meetings, whether in person or over the telephone, agendas for those meetings, participants included in those meetings, minutes of any such meetings, the topics discussed at those meetings, e-mail regarding meetings, e-mail or facsimilies sent as a result of those meetings, and transcripts and notes of any such meetings.

There is no basis for claiming that the records requested herein are exempt from immediate disclosure under FOIA. Each of these records is described by 5 U.S.C. §552(a)(2) as information an agency is required to make available to the public and the United States Attorney General has indicated that the Justice Department will only defend a decision not to disclose documents where a "sound legal basis" for non-disclosure exists. Memorandum from Attorney General John Ashcroft to Heads of Departments and Agencies on the Freedom of Information Act, October 12, 2001.

FOIA Officer
January 11, 2005
Page Two

If, however, it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) *(emphasis added)*. Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dept. of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977)).

In the event that some portions of the requested documents are properly exempt from disclosure, please disclose any reasonably segregable nonexempt portions of the requested documents. *See* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt. . ."); *see also* Schiller v. National Labor Relations Board, 964 F.2d 1205, 1209 (D.C. Cir. 1992); 15 C.F.R. §4.6. If it is your position that a document contains non-exempt segments but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

**Fee Waiver Request**

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant governmental procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii), 15 C.F.R. §4.11(k)(1). *See eg.*, McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the Department of Health and Human Service's efforts to shape public opinion.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums or reports.

Under these circumstances, CREW fully satisfies the criteria for a fee waiver.

**Conclusion**

Please respond to this request in writing within twenty (20) days as required under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee problems in fully releasing the requested records within the twenty day period, please call me within that time period. I can be reached at (202)-588-5565. Please send the requested documents to Melanie Sloan, Citizens for Responsibility and Ethics in Washington, 11 Dupont Circle, N.W., 2nd Floor, Washington, D.C. 20036.

Sincerely,

Melanie Sloan
Executive Director
Citizens for Responsibility and Ethics in Washington

# Attachment 2



DEPARTMENT OF HEALTH & HUMAN SERVICES.

Office of the Secretary

Washington, D.C. 20201

Case No. 2005-0373RE

June 30, 2005

Melanie Sloan
Citizens for Responsibility & Ethics in Washington
11 DuPont Circle, N.W., 2nd Floor
Washington, D.C. 20036

Dear Ms. Sloan:

This is in response to your Freedom of Information Act (FOIA) request of January 11, 2005, in which you ask for contracts with public affairs firms, and records of contacts with public relations firms with which a contractual relationship exists. You also asked for a fee waiver.

The Department of Health and Human Services' regulations state that fees may be waived if the disclosure of the information meets both of the following tests: (1) It is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government, and (2) it is not in the commercial interest of the requester.

You assert that information responsive to your request will contribute to a better understanding of relevant governmental procedures by Citizens for Responsibility & Ethics in Washington (CREW) and the general public in a significant way, and that your request is primarily and fundamentally for noncommercial purposes. You state that CREW will analyze the information responsive to the request, and will likely share its analysis with the public, either through memorandums or reports.

We have completed our review of your request for a fee waiver. My review indicates that you have not clearly articulated a basis for how the records you have requested will shed light on the operations and activities of the Government. The great majority of the requested records are of a routine administrative nature, and are unlikely to unearth fresh or new issues that have not already been explored in various media accounts in 2004 or early 2005.

Further, even if significantly new information were located, you have not clearly illustrated a demonstrable track record of your organization's ability to disseminate newsworthy information to the general public. Neither on your website nor in your request letter have we found any evidence of a regular practice of or mechanism for dissemination of information to the public.

We have no basis to believe that your organization would use any responsive information for its commercial benefit. However, your FOIA request does not contain adequate evidence to demonstrate that it fully meets the criteria for granting a fee waiver. Therefore, we are denying your request for a fee waiver.

Your FOIA request has been placed in the "other" fee category. In this category requesters are subject to billing for search and duplication, but not review costs. Also, we will not charge you for the first two hours of search time or for the copying of the first 100 pages of records.

The scope of your request is considerable, as it requests records that are located throughout HHS. We are in the process of estimating FOIA processing costs, as well as the time needed to complete processing your request.

If you would still like for us to search for responsive records, your request would be subject to billable processing charges if they exceed $25, which is the Department's threshold for billing purposes. Since you have not agreed to pay any processing costs, your request has been temporarily suspended, as the search and duplication charges may be substantial.

If you are not satisfied with my action on this request, you may administratively appeal this denial of a fee waiver. Your appeal should be mailed within 30 days from the date of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, 200 Independence Avenue, S.W., Room 645-F, Washington, D.C. 20201. Clearly mark both the envelope and your letter "Freedom of Information Act Appeal".

We will not proceed further with your request until an agreement to pay fees is received from you. We will close our file on the case if your agreement to pay fees, or an appeal, is not mailed within 30 days from the date of this letter.

Sincerely yours,

Rosario Cirrincione
Director
FOI/Privacy Acts Division
Office of Public Affairs

Attachment 3

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, D.C. 20201

Appeal Case No. 2005-A-80MB

JUL 14 2005

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington (CREW)
11 DuPont Circle, N.W., 2nd Floor
Washington, D.C. 20036

Dear Ms. Weismann:

This responds to your July 6, 2005, letter in which you appeal the decision of Mr. Rosario Cirrincione not to waive fees for Freedom of Information Act (FOIA) services for your organization's January 11, 2005, FOIA request from Melanie Sloan. She sought contracts with public affairs firms and records of any contact with public relations firms.

I have completed my review of the issues involved in this case. This Department's regulations state that fees may be waived if the disclosure of the information meets both of the following tests: (1) It is in the public interest because it is likely to contribute significantly to public understanding if the operations and activities of the Government, and (2) it is not in the commercial interest of the requester. You have not successfully met the first criterion because you have not demonstrated how disclosure would reveal any meaningful information about Government operations or activities that is not already public knowledge and how disclosure would advance the understanding of the general public as distinguished from a narrow segment of interested persons.

In your July 6, 2005, letter of appeal you contend that you fully satisfy the requirements for a fee waiver and should not be placed in the "other" category. You state that the following reasons why this Department should grant you a fee waiver: (1) your organization's request concerns the operations of the federal government and this disclosure will likely contribute to a better understanding of HHS's efforts to share public opinion: (2) there has been wide public attention given to government agencies' use of video news releases and other media products created by public affairs firms to promote certain polices of this Administration: (3) this information will contribute significantly to the public's understanding of the individual's and organizations that influence, or attempt to influence public opinion regarding HHS and its policies and programs; and (4) HHS is the only department, with the exception of the FOIA Office within the Transportation Security Administration (TSA), that has not granted you a fee waiver.

Regarding Items (1), (2) and (3), I find that I must reiterate Mr. Cirrincione's statement in his interim response to the effect that you have not clearly articulated a basis for how the records you have requested will shed light on the operations and activities of the Government. Your statements, as documented in your appeal letter, have not explained how the records would reveal meaningful information, the general nature and policy implications of which are not already public knowledge. Again, the great majority of the requested records are of a routine administrative nature, and are unlikely to unearth fresh or new issues that have not already been explored in various media accounts in 2004 or early 2005.

As to Item No. (4), the fact that you have been granted fee waivers by other agencies is not relevant to your request to the Department of Health and Human Services. Even though you were able to obtain information from other Federal agencies that granted you fee waivers, it has no bearing on the decisions made within this Department.

As Mr. Cirrincione stated previously, you have also not adequately addressed or documented the issue of your ability to disseminate the information that would be released. You have not demonstrated a firmly established track record for successfully publishing information to the public, especially new information that would be of interest beyond a narrow segment of the general population. You have not identified a particular focus of a search beyond "all contracts" and "all contacts" concerning contractual relationships with public affairs firms, and you have not adequately disclosed a particularized plan for the analysis and publication of any new information that may in fact be located and released.

Further, you offer as a significant argument for obtaining a fee waiver the fact that CREW is a nonprofit organization and is not seeking the information for commercial purposes. We have never implied that your purpose in obtaining this information was commercial in nature; your tax exempt status does not, in itself, qualify you for a fee waiver. However, because you did not meet the first criterion for receiving a fee waiver, the second criterion is moot. I continue to uphold the denial of your request for a waiver of fees for FOIA services.

Mr. Cirrincione also explained to you in his June 30, 2005, interim response letter that your request had been placed in the "other" fee category. He further explained that in this category requesters are subject to billing for search and duplication, but not for review costs. Nor do we charge you for the first two hours of search time or for the copying of the first one hundred pages of records.

This letter constitutes the final decision of the Department in this matter. If you wish, you may seek judicial review in the district court of the United States in the

**district in which you reside, at your principal place of business, or in which the agency records are located, or in the District of Columbia.**

**Sincerely yours,**

**William A. Hall**
**Director**
**News Division, OASPA**

# Attachment 4



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, D.C 20201

Case No. 2005-0373RE

October 2, 2006

Melanie Sloan
Executive Director
Citizens for Responsibility and Ethics in Washington
11 DuPont Circle, N.W., 2nd Floor
Washington, D.C. 20036

Dear Ms. Sloan:

Pursuant to the Court's September 8, 2006, order, I am granting your request for a fee waiver concerning your Freedom of Information Act request, Case No. 2005-0373RE.

Sincerely yours,

Robert Eckert

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

# Attachment 5

DEPARTMENT OF HEALTH & HUMAN SERVICES
Office of the Secretary

Washington, D.C. 20201

Case No. 2005-0373RE

November 16, 2006

***Sent by Federal Express***

Melanie Sloan
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, Suite 450
Washington, DC 20005

Dear Ms. Sloan:

This is our initial release of records responsive to your January 11, 2005, Freedom of Information Act (FOIA) request for the Department of Health and Human Services (HHS) contracts and contacts with public affairs firms from January 1, 2001.

Enclosed you will find approximately 2,708 pages. The pages originated in four HHS Operating Divisions: Agency for Healthcare Research and Quality (AHRQ) (approximately 88 pages), Centers for Disease Control and Prevention (approximately 1,324 pages), Centers for Medicare and Medicaid Services (approximately 1,160 pages), and the Health Resources and Services Administration (approximately 136 pages).

I have determined to withhold minor portions of some of the released pages under FOIA exemption (b)(4). Exemption (b)(4) permits the withholding of commercial or financial information that was obtained from a person outside the government and that is privileged or confidential. The material withheld includes contractor banking account information; provisional overhead and fringe costs rates; and indirect cost rates.

I determined to withhold portions of two other pages under exemption (b)(6). Exemption (b)(6) permits the withholding of personal privacy information. The two pages contain employees' home telephone numbers and after work hours contact information.

The Indian Health Service performed a thorough search for records responsive to your request and could not locate any responsive documents. The AHRQ has completed its search, and reports that the enclosed, approximately 88 pages, includes all of the AHRQ responsive documents. The remaining Operating Divisions are continuing to search for

records responsive to your request. HHS will forward any additional responsive pages as they are identified and reviewed.

While we believe that an adequate search of appropriate IHS files was conducted for the records requested, you have the right to appeal this finding that no records exist in IHS, which would be responsive to your request. If you have reason to believe that the information withheld should not be exempt from disclosure, you may appeal. Your appeal should be mailed within 30 days from the date of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), US Department of Health and Human Services, 330 C Street, SW, Room 5416, Mary E. Switzer Building, Washington, DC 20201. Clearly mark both the envelope and your letter "Freedom of Information Act Appeal."

Sincerely yours,

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs